CHARLIE STEPHENSON v. THE STATE.

No. 14747. Delivered January 27, 1932.
Rehearing Denied March 9, 1932.

The opinion states the case.

T. T. Thompson, of Clarksville, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The facts showed that appellant had lived for years with his sister who owned the house. On the occasion in question officers went to the house refererd to armed with a warrant for Taylor Stephenson, who appears to have been the son of appellant. It was after midnight when the officers reached the house. They knocked on the door and appellant opened same. The officers went in and told him they were after Taylor, and appellant told them the latter was in bed. The officers told him they had a warrant for him, and Taylor got up and began putting on his clothes. While engaged in dressing he said he wanted to go into another room, and one of the officers went in with him. A lamp was lit in the room first entered and the officers observed empty jars sitting about, one of them suggested to appellant that they would like to look around to see if they could find any liquor, to which appellant replied "all right." The officers looked in a cupboard which they found full of jars, also empty jars under the bed. They looked in a trunk and found several empty pint bottles, appellant stating that this trunk belonged to his dead wife. There was another trunk in the room which the officers tried to open but found it locked. Appellant was in his night-clothes. The officers asked him where the key was to the locked trunk, and appellant began looking for the key, and, as they said, "blundering around there a little bit." The officers asked him if he did not know where the key was, and he said he thought he did, and finally he looked under the head of the bed and got out his pants, put them on, and got the key out of a pocket of said pants. They testified that he fooled and fooled with the trunk and appeared unable to get it unlocked, and finally one of the officers flashed his light down there, and when appellant unlocked the trunk and raised the lid he said "Here, I guess, is what you are looking for," and they found in the trunk four pints of whisky. They put a label on it, showing the date, etc. Every thing showed appellant to have been sleeping in the bed under the head of which his pants were, at the time the officers went into the house. Upon cross-examination of this witness an effort seems to have been made to induce him to say that the pants in which the key was found might have been those of appellants' son, but the witness refused to so state, and insisted they were the ones appellant put on and wore away

from the house at the time. Similar testimony was given by the other officer.

Appellant took the witness stand in his own behalf and testified that the house in question belonged to his sister, and that she had the sole management and control of it, and that the whisky found in the trunk was not his whisky and that he did not know it was in the trunk. He testified that the key used to unlock said trunk was not in his, appellant's, pants pocket, but that he got the key, while the officers were there, in their presence out of his son's jumper which lay on the floor. He said the trunk in which the whisky was found belonged to his son. Officer Gear was recalled by the state after appellant testified and he repeated substantially what he had testified to before, namely, that when he found the locked trunk he told appellant to unlock it, and that appellant went to the head of his bed and took his pants from under the head of the bed and got the key out of the pocket and that it unlocked the trunk; that he put those pants on and wore them away from the place. One of the officers testified that appellant's son at the time claimed the whisky.

There are two bills of exception. The first sets up that the state proved that the deputy sheriff searched the house where the defendant was arrested without a search warrant after defendant had given him permission to do so. The ground of objection seems to be that it had not been proven appellant was the owner of the house, or in possession of the house, or that he had the management and control of said house. It is manifest that the objection was properly overruled. No one has the right to interpose objection to the search of premises save the owner or some one who is in legitimate possession, control or occupancy of the property. In his qualification to this bill of exception the court shows that the testimony established the fact that the room searched had been occupied by appellant as his place of abode for about five years, and that the room so occupied was the only place searched by the officers. The bill shows no error.

The other bill of exception complains that the officers were permitted to testify that there were a number of empty fruit jars and bottles in different places around in said room which was searched, it being contended in the bill that these were common articles used in housekeeping and that no law existed against their being where they were found. Such objection, we take it, goes to the weight of the testimony and not to its admissibility.

The evidence seems amply sufficient to support the conclusion that the whisky found was in the possession of appellant. The jury have settled the conflicts in the testimony.

The judgment will be affirmed.

*Affirmed.*

## ON ·MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges that the evidence is insufficient to show that he was in possession and control of the liquor found in the trunk. This issue apparently turned upon the point as to where appellant secured the key which unlocked the trunk. The officer swears that appellant got it out of the pocket of the trousers which he put on and wore away. Appellant admits the trousers he wore away belonged to him, but swore he got the trunk key out of the pocket of his son's jumper which was lying on the floor. The officer said he saw no jumper there. Thus the matter became a sharply drawn issue of fact. Notwithstanding the son's statement made at the time that the whisky belonged to him, the jury were supported by the officer's testimony in a finding that it was in appellant's possession.

The motion for rehearing is overruled.

*Overruled.*